U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUL 21 2009

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALFRED G. OSTERWEIL
    Plaintiff
vs.

GEORGE R. BARTLETT III,
    In his official capacity as
    Licensing Officer
    In the County of Schoharie

DAVID A. PATERSON
    In his official capacity as
    Governor
    of the State of New York,
              and

ANDREW M. CUOMO
    In his official capacity as
    Attorney General
    of the State of New York
    **Defendants**

CIVIL RIGHTS COMPLAINT

1:09-CV-825 (CLS/DRH)

PURSUANT TO
42 U.S.C. 1983

Plaintiff in the above-captioned action alleges as follows:

### JURISDICTION

1.   This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C sec. 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. Secs. 1331, 1343(3) and (4) and 2201.

### PARTIES

2.   Plaintiff: Alfred G. Osterweil
    Address: 310 Rossman Fly Road
               Summit, New York  12175

3.   Defendant: George R. Bartlett III
    Official Position: Licensing Officer
    Address: Schoharie County Courthouse
               Schoharie, New York  12157

    Defendant: David A. Paterson
    Official Position: Governor of the State of New York
    Address: Executive Chamber
               State House
               Albany, New York  12224

Defendant: Andrew M. Cuomo
Position: Attorney General of the State of New York
Address: State of New York Attorney General Office
The Capitol
Albany, New York   12224-0341

## FACTS

1. This court has jurisdiction over this matter as it raises a federal Constitutional issue.

2. Venue is properly before this court because all the parties are within counties which are part of the United States District Court, Northern District of New York.

3. George R. Bartlett III is the licensing official for Schoharie County with offices at the Schoharie County Courthouse, Schoharie, New York   12157.

4. David A. Paterson is the Governor of the State of New York, with offices at Executive Chamber, State House, Albany, New York   12224.

5. Andrew M. Cuomo is the Attorney General of the State of New York, with offices at State of New York Attorney General Office, The Capitol, Albany, New York   12224-0341.

6. Plaintiff filed an application for a pistol permit on May 21, 2008, at which time he paid a fee of $105.00 and was fingerprinted by the Schoharie County Sheriff's Department. Thereafter, Plaintiff advised the Sheriff that he intended to set up another residence in a state other than New York. Plaintiff was cautioned that this might present a problem.

7. Shortly thereafter, the U.S. Supreme Court decided the landmark *Heller* case. At that point, on July 10, 2008, plaintiff wrote a letter to the defendant licensing officer offering to appear before him, or, in the alternative, to provide an affidavit or other proof necessary to establish plaintiff's right to possess a handgun in his home in New York even though he might be domiciled in a sister state.

8. Issues arose as to the difficulty in obtaining acceptable fingerprints on two occasions, but the licensing officer did not contact plaintiff until February 20, 2009, long after the statutory six-month period for the licensing officer to make a determination or state in writing why no decision has been made. The statute expressly excludes the failure of the FBI to report back with its findings based on the fingerprints as a basis for failing to comply with the six-month limitation. Indeed, until the final letter of denial received by plaintiff, the licensing officer never gave a reason in writing for withholding a permit.

9. There were numerous pieces of correspondence between the plaintiff and the licensing officer as well as several affidavits supplied by plaintiff on a score of issues, including his entire background and his continued residence in his New York home notwithstanding his change of domicile.

10. On May 29, 2009, the licensing officer determined that "Since applicant admittedly is not a resident of the State of New York, his application for a pistol permit is denied."

11. Plaintiff files this action to enforce his right to possess a handgun in his home located in Summit, New York.

12. Plaintiff alleges that the licensing officer imperfectly performed his sworn duties and violated plaintiff's rights under the United States Constitution and existing New York statutes.

13. Plaintiff alleges that the Attorney General, as the chief law enforcement officer of the State of New York, and the Governor, as the chief executive officer of the State of New York, failed to take appropriate action to protect plaintiff's rights under the United States Constitution and existing New York statutes.

14. Plaintiff further alleges that the Attorney General and the Governor are necessary parties to the within action as this action implicates New York's gun control statutes.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION

Defendants, jointly, severally and in the alternative, denied plaintiff his right to bear arms within his home in Summit, New York, in violation of the Second Amendment to the to the United States Constitution, as made applicable to the states through "selective incorporation" by the Fourteenth Amendment to the United States Constitution.

### SECOND CAUSE OF ACTION

Defendants, jointly, severally, and in the alternative, denied plaintiff his right to bear arms within his home in Summit, New York, in violation of the Second Amendment to the United States Constitution which was incorporated into the fabric of New York law by virtue of the adoption of the New York Civil Rights law which tracks the language of the Second Amendment to the United States Constitution.

### THIRD CAUSE OF ACTION

Defendants, jointly, severally and in the alternative, denied plaintiff his right to bear arms within his home in Summit, New York, by using and applying a definition of residence akin to domicile, and determining that such residence is a prerequisite to a license, contrary to the *Heller* Court's use of the term "home" as the situs within which a citizen has the right to bear arms.

### FOURTH CAUSE OF ACTION

To the extent that the New York gun laws, as interpreted and enforced by the defendants, jointly, severally and in the alternative, precludes plaintiff and others similarly situated from bearing arms in their homes if they are owners of two homes, said laws are violative of plaintiff's rights and are

unconstitutional as being a denial of Equal Protection, there being no rational basis to justify plaintiff's being so precluded.

## FIFTH CAUSE OF ACTION

Defendants, jointly, severally and in the alternative, denied plaintiff his right to bear arms within his home in Summit, New York, when they failed to comply with their own statutory requirements that a decision be reached by the licensing officer within six months or, in the alternative, a reason be provided, in writing to the applicant, setting forth the reason for the failure to approve or deny the application. Such failure represents a denial of equal protection under both the United States Constitution and the New York Constitution and Civil Rights Laws.

## SIXTH CAUSE OF ACTION

Defendants, jointly, severally, and in the alternative, denied plaintiff his right to bear arms within his home in Summit, New York, in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by determining that plaintiff was not a resident of the State of New York within the meaning of New York Statues, and thus ineligible to obtain a license, notwithstanding the clear and convincing proof that he was a resident, albeit not domiciled in the State of New York.

Plaintiff demands a trial by the Court.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that the Court grant the following relief:

That the defendants be ordered to provide plaintiff with the type of permit originally applied for, for costs of suit and such other damages and relief as the Court deems reasonable and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: 7/21/09     _____
                    Alfred G. Osterweil, Plaintiff