**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALFRED G. OSTERWEIL,**

                          **Plaintiff,**                1:09-cv-00825
                                                               (GLS\DRH)

                              v.

**GEORGE R. BARTLETT III,** in his official capacity as Licensing Officer in the County of Schoharie; **DAVID A. PATERSON,** in his official capacity as Governor of the State of New York; and **ANDREW M. CUOMO,** in his official capacity as Attorney General of the State of New York,

                          **Defendants.**
_____

**APPEARANCES:**                    **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Alfred G. Osterweil
Pro se
197 Lawson Lane
Many, LA 71449

**FOR THE DEFENDANTS:**
HON. ANDREW M. CUOMO      ROGER W. KINSEY
New York State Attorney General   Assistant Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204-2455

**Gary L. Sharpe**
**District Court Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Pro se plaintiff Alfred G. Osterweil brings this action pursuant to 42 U.S.C. § 1983 against Schoharie County Licensing Officer George R. Bartlett III, New York State Governor David A. Paterson, and New York State Attorney General Andrew M. Cuomo, alleging violations of his federal constitutional rights. (Dkt. No. 1.) Pending is defendants' motion to dismiss Osterweil's complaint pursuant to FED. R. CIV. P 12(b)(6). (Dkt. No. 8.) For the reasons that follow, the motion is granted in part and denied in part.

## II. Facts

On May 21, 2008, plaintiff Alfred G. Osterweil, then full-time Schoharie County resident, filed an application with Schoharie County for a handgun license. (*See* Compl. ¶ 6, Dkt. No. 1.) As part of this application, Osterweil paid a fee of $105.00 and was fingerprinted by the Schoharie County Sheriff's Department. (See *id.*) Following submission of the application, Osterweil advised the Schoharie Sheriff that he intended to

2

change his primary residence and to become domiciled in another state. (*See id.*)  Specifically, he informed the Sheriff that he would maintain a summer home in New York, but that he would vote, obtain a driver's license, and "spend[ ] the great majority of the year" in the other state. (*See* Pl. Mem. of Law, App. at A-3, Dkt. No. 11.)  The Sheriff cautioned Osterweil that his relocation might present a problem since, under New York law, applicants must maintain a primary residence in New York to qualify for a "pistol permit."[1]  (S*ee* Compl. ¶ 6, Dkt. No. 1; *see also* Pl. Mem. of Law, App. at A-3, Dkt. No. 11.)  Ultimately, on May 20, 2009, Judge George R. Bartlett III, the Schoharie County Licensing Officer, issued a decision denying Osterweil's application on the basis that "[Osterweil] admittedly is not a resident of the State of New York."  (*See* Pl. Mem. of Law, App. at A-16, Dkt. No. 11.)

Based on Judge Bartlett's denial, Osterweil brought this action against defendants, seeking a declaration that New York's firearm licensing scheme is unconstitutional under the Second Amendment and the Equal

---

[1] Under New York law, licenses to possess handguns may be issued to residents of New York State and non-residents who work principally within New York State.  *See* N.Y. PENAL LAW § 400.00(3)(a).  The term "residence" in this context has been construed as equivalent to domicile, or primary residence, thus requiring "something more than mere ownership of land."  *Mahoney v. Lewis*, 199 A.D.2d 734, 735 (3d Dep't 1993).

Protection Clause of the Fourteenth Amendment.[2]  (*See generally* Compl., Dkt. No. 1.)  Osterweil also requests that "defendants be ordered to provide a plaintiff with the type of permit originally applied for."  (*See id.* at 4.)  Defendants now move for dismissal of Osterweil's complaint.  (*See* Dkt. No. 8.)

### III.  Discussion

### A.  Standard of Review

A cause of action shall be dismissed if a complaint fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Thus, "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A court's task in ruling on a Rule 12(b)(6) motion is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof."  *AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 72 (2d Cir. 2003)

---

[2] Osterweil states in his memorandum of law that "all claims in the complaint are Federal in nature."  (*See* Pl. Mem. of Law at 5, Dkt. No. 11.)  Accordingly, the court construes Osterweil's complaint as asserting federal claims only.

4

(internal quotation marks and citation omitted). Therefore, in reviewing a motion to dismiss, the court "must accept the facts alleged in the complaint as true and construe all reasonable inferences in [the plaintiff's] favor." *Fowlkes v. Adamec*, 432 F.3d 90, 95 (2d Cir. 2005) (citation omitted). As relevant to the current motion, "courts must construe pro se pleadings broadly, and interpret them to raise the strongest arguments that they suggest," especially where civil rights violations are alleged. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000) (internal quotation marks, citations, and italics omitted).

## B. Defendants Paterson and Cuomo

Defendants Governor Paterson and Attorney General Cuomo seek dismissal from the action, arguing that they are not proper parties. Osterweil does not oppose dismissal of these parties. (*See* Pl. Mem. of Law. at 3, Dkt. No. 11.)[3] For that reason, and for the reasons set forth by defendants, (*see* Defs. Mem. of Law at 5-6, Dkt. No. 8:2), Paterson and Cuomo are dismissed from the action.

## C. Second Amendment Claims

---

[3]In his memorandum of law, Osterweil states that he "does not object to a dismissal as to [Governor Paterson and Attorney General Cuomo] if the court deems that to be appropriate." (*See* Pl. Mem. of Law. at 3, Dkt. No. 11.)

Defendants seek dismissal of Osterweil's Second Amendment claims. These claims, which comprise the first three causes of action of Osterweil's complaint, allege that New York State's firearm licensing scheme unconstitutionally denies Osterweil "his right to bear arms within his home in New York." (*See* Compl. at 3, Dkt. No. 1.) Osterweil cannot succeed on these claims. As defendants correctly point out, it is "settled law ... that the Second Amendment applies only to limitations the federal government seeks to impose on [the right to keep and bear arms]," *Maloney v. Cuomo*, 554 F.3d 56, 58 (2d Cir. 2009) (per curiam), and thus "imposes a limitation on only federal, not state, legislative efforts," *Bach*, 408 F.3d. at 84. And contrary to Osterweil's argument, the Supreme Court's recent holding in *District of Columbia v. Heller*, --- U.S. ----,128 S. Ct. 2783 (2008), "does not invalidate this longstanding principle." *Maloney*, 554 F.3d at 59. Thus, because Osterweil's first three causes of action seek to mount a Second Amendment attack against only state legislation, they fail to state a claim upon which relief can be granted. *See id.* at 58-59 (affirming dismissal of Second Amendment challenge to New York firearm licensing scheme on ground that Second Amendment does not apply to the states); *Bach*, 408 F.3d. at 86 (same). Accordingly,

6

Osterweil's first, second, and third causes of action are dismissed.

## D.     Equal Protection

Defendants next seek dismissal of Osterweil's fourth, fifth, and sixth causes of action, which allege denials of equal protection under the Fourteenth Amendment. At this juncture, the court permits these causes of action to survive, finding that Osterweil has pleaded potentially viable claims. Accordingly, defendants' motion to dismiss the fourth, fifth, and sixth causes of action is denied.

## V.     Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that defendants' motion to dismiss (Dkt. No. 8) is **GRANTED** as to Osterweil's first, second, and third causes of action, and those causes of action are **DISMISSED**; and it is further

**ORDERED** that defendants' motion to dismiss (Dkt. No. 8) is **DENIED** as to Osterweil's fourth, fifth, and sixth causes of action; and it is further

**ORDERED** that defendants David A. Paterson and Andrew M. Cuomo are **DISMISSED** from the action; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

February 24, 2010
Albany, New York

_____
United States District Court Judge