U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 1 8 2010

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

..................................................................

ALFRED G. OSTERWEIL,

                *Plaintiff*          09-CV-825

  *versus*                             GLS/DRH

GEORGE R. BARTLETT, III

                *Defendant*

..................................................................

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S

## MOTION TO VACATE

Alfred G. Osterweil. Plaintiff *pro se*
310 Rossman Fly Road
Summit, New York  12175
Phone (518) 287-1646

## Table of Contents

**Table Of Citations**..................................................................................................ii

**Preliminary Statement**..........................................................................................1

**Argument**
      AN ORDER TO VACATE THE PRIOR ORDER OF DISMISAL IS
      APPROPRIATE IN THE WITHIN MATTER................................................1

**Conclusion**...........................................................................................................2

## Table of Citations

**Cases**

*District of Columbia v. Heller,* 128 S. Ct. 2783(2008)..................................................................2

*Bach v/ Pataki,* 408 F. 3d 75, (2d Cir.2005)..................................................................................1

*Maloney v. Cuomo,* 554 F.3d 56 (2d Cir.2009)..............................................................................1

*McDonald v. City of Chicago,* Case No. 08-1521.......................................................................1,2

**U. S. Constitution**

Amendment II...............................................................................................................................1,2

Amendment XIV..............................................................................................................................2

PRELIMINARY STATEMENT

Plaintiff commenced this action after being denied a gun permit with respect to his home in Summit, New York. The denial rested on the theory that Plaintiff was not a "resident" of New York, he being domiciled in another state. Plaintiff seeks to exercise his right to keep and bear arms in his summer residence which admittedly is not his primary residence.

Plaintiff brings this motion to vacate that part of the Court's Order dated February 24, 2010, which dismissed three counts of Plaintiff,s complaint. On August 6, 2010, the Court, in response to a letter from Plaintiff,directed the Plaintiff to submit a formal motion.

At the time of the dismissal, the Second Circuit had taken the position that the Second Amendment imposed limitations on the Federal government and not on the State or its sub-divisions.

On June 28, 2010, the Supreme Court rendered its decision in *McDonald v. Chicago,* Case No. 08-1521. Plaintiff will argue in this Memorandum that *McDonald* effectively establishes that the Second Amendment does act as a limitation on the powers of the State and thus, the dismissal of the counts in question should be vacated.

ARGUMENT

AN ORDER TO VACATE THE PRIOR ORDER OF DISMISSAL IS APPROPRIATE IN THE WITHIN MATTER

This Court, relied on the Second Circuit cases of *Maloney v Cuomo,* 554 F. 3d 56 (2d Cir. 2009), and *Bach v. Pataki,* 408 F. 3d 75, (2d Cir. 2005) in reaching its decision to dismiss Plaintiff's Second Amendment causes of action.

1

The Court further held that *District of Columbia v. Heller*, 128 S. Ct. 2783 (2008), a case which settled the law with respect to the Second Amendment enshrining an individual right, did not invalidate the principle that the Second Amendment did not impose limitations on the State.

*McDonald* clearly changed the landscape with respect to the view of the Second Circuit. The Court stated the following:

> Applying the standard that is well established in our case law, we hold that the Second Amendment right is fully applicable to the States. Slip Op 1-2.

And on 10, the Court went on further to say:

> For many decades, the question of the rights protected by the Fourteenth Amendment against state infringement has been analyzed under the Due Process Clause of that Amendment.

Thereafter, the Court rejected the argument that the Second Amendment was incorporated under the Privileges and immunities Clause, the argument advanced by the Plaintiff. It opted to use the Due Process Clause as the vehicle to incorporate the Second Amendment.

Plaintiff herein thus asserts that there is good cause for this Court to vacate its prior order of dismissal with respect to those counts grounded on the Second Amendment.

## CONCLUSION

For the reasons stated above, Plaintiff requests that the Court vacate that portion of its prior which dismissed the three counts of Plaintiff's complaint.

Respectfully submitted

Alfred G. Osterweil, Plaintiff *pro se*

2