11-2420-cv
Osterweil v. Bartlett

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

October Term, 2012

(Argued: October 26, 2012     Decided: December 23, 2013)

Docket No. 11-2420-cv

- - - - - - - - - - - - - - - - - - - - - - -x

ALFRED G. OSTERWEIL,

        Appellant,

    - v.-

GEORGE R. BARTLETT, III,

        Appellee.

- - - - - - - - - - - - - - - - - - - - - - -x

Before:  JACOBS, WALKER, Circuit Judges, AND O'CONNOR, U.S. Supreme Court Justice (Ret.)[*].

Counsel:          PAUL D. CLEMENT, Bancroft PLLC, Washington, D.C. (D. Zachary Hudson, Bancroft PLLC, Washington, D.C.; Daniel L. Schmutter, Greenbaum, Rowe, Smith & Davis LLP, Woodbridge, New Jersey, on the brief), for Plaintiff-Appellant.

---

[*] The Honorable Sandra Day O'Connor, Associate Justice (Ret.) of the United States Supreme Court, sitting by designation.

CERTIFIED COPY ISSUED ON 12/23/2013

```
                                SIMON HELLER, Assistant
                                Solicitor General, New York
                                State Office of the Attorney
                                General, New York, New York, for
                                Defendant-Appellee.
```

PER CURIAM:

Appellant Alfred Osterweil applied for a handgun license in May 2008. Following the directions of New York Penal Law § 400.00(3)(a), he applied for a license "in the city or county . . . where [he] resides."[1] His house in Schoharie County, New York, was then his primary residence and domicile, but while his application was pending, Osterweil moved his primary residence to Louisiana, keeping his home in Schoharie County as a part-time vacation residence.

Osterweil's application was eventually forwarded to appellee George Bartlett, a judge of the county court in Schoharie County and licensing officer for the county. He interpreted § 400.00(3)(a)'s apparent residence requirement as a domicile requirement, relying on a 1993 decision from New York's Appellate Division, Third Department, holding that, "as used in this statute, the term residence is equivalent to domicile." Mahoney v. Lewis, 199 A.D.2d 734, 605 N.Y.S.2d 168 (3d Dep't 1993). Because Osterweil "ha[d] candidly advised the Court that New York State is not his primary residence and, thus not his domicile," Judge Bartlett denied the license. Judge Bartlett further concluded that a domicile requirement was constitutional under the Second Amendment, notwithstanding District of Columbia v. Heller, 554 U.S. 570 (2008), because of the State's interest in monitoring its handgun licensees to

---

[1] In relevant part, New York Penal Law § 400.00(3)(a) provides that "[a]pplications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver, to the licensing officer in the city or county, as the case may be, where the applicant resides, is principally employed or has his principal place of business as merchant or storekeeper."

ensure their continuing fitness for the use of deadly weapons.

Following the denial of his application, Osterweil filed suit in the United States District Court for the Northern District of New York, alleging that New York's domicile requirement violated the Second and Fourteenth Amendments and seeking, among other remedies, an injunction ordering the State to give him a handgun license. The district court granted summary judgment to the State, holding in relevant part that the domicile requirement satisfied intermediate scrutiny because "the law allows the government to monitor its licensees more closely and better ensure the public safety." Osterweil v. Bartlett, 819 F. Supp. 2d 72, 85 (N.D.N.Y. 2011).

On appeal, the State maintained that section 400.00(3)(a) does not, in fact, impose a domicile requirement. If no such requirement existed, there would, we reasoned, be no need to reach the sensitive constitutional question presented by this appeal. To allow the New York Court of Appeals to resolve for itself the existence of a domicile requirement, we certified the following question to that Court:

> Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?

Osterweil v. Bartlett, 706 F.3d 139, 145 (2d Cir. 2013).

On October 15, 2013, the New York Court of Appeals answered the certified question in the affirmative. In Osterweil v. Bartlett, – NY3d –, 2013 NY Slip Op 6637 (Oct. 15 2013), the Court held that "Penal Law § 400.00(3)(a) does not preclude an individual who owns a part-time residence in New York but makes his permanent domicile in another state from applying for a New York handgun license." Id. at *5. The Court found this conclusion clear from the plain statutory language, which refers only to an applicant's residence and which expressly contemplates issuance of a

handgun to a nondomiciliary.  See id. at *3, *5; Penal Law § 400.00(7).  Moreover, the Court observed, "the law was originally designed to ensure that licenses were obtained where applicants resided, and to discourage 'forum-shopping,' rather than to exclude certain applicants from qualifying at all."  Osterweil, – NY3d –, 2013 NY Slip Op 6637, at *5.

Accordingly, New York Penal Code § 400.00(3)(a) imposes no requirement that Osterweil be domiciled in New York to obtain a handgun license there; his status as a part-time resident is sufficient.  The State's briefing represented that, if the verb "resides" in § 400.00(3)(a) refers only to residence and does not require domicile, then Osterweil would satisfy this requirement and "this litigation would thereby be resolved."  Appellee's Br. 23.  We agree.

Given this conclusion, we decline to reach the constitutional question raised by Osterweil's appeal, which is based on a flawed reading of the licensing statute.  We hereby vacate the decision of the District Court and remand for further proceedings consistent with this opinion.

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit