**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ALFRED G. OSTERWEIL,**

                      **Plaintiff,**

  vs.                                             **1:09-cv-825**
                                                      **(MAD/DRH)**

**GEORGE R. BARTLETT, III, in his official
capacity as Licensing Officer in the County of
Schoharie,**

                      **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **GREENBAUM, ROWE, SMITH & DAVIS, LLP**<br>P.O. Box 5600<br>Woodbridge, New Jersey 07095-0988<br>Attorneys for Plaintiff | **DANIEL LOUIS SCHMUTTER, ESQ.** |
| **OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant | **ADRIENNE J. KERWIN, AAG** |
| **NEW YORK STATE LAW DEPARTMENT**<br>The Capitol<br>Albany, New York 12224<br>Attorneys for Defendant | **JAMES B. MCGOWAN, ESQ** |

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

      Plaintiff commenced this action challenging New York State's statutory mechanism by which individuals apply for and be granted permits to carry or possess firearms. Plaintiff claimed that the denial of his handgun permit application violated his rights under the United States Constitution, the New York State Constitution, and the New York State Civil Rights Law.

Plaintiff applied for a handgun license in May 2008. *See Osterweil v. Bartlett*, 706 F.3d 139, 140 (2d Cir. 2013). Following the directions of New York Penal Law § 400.00(3)(a), Plaintiff applied for the license "in the city or county . . . where [he] resides[.]" At that time, his house in Summit New York – part of Schoharie County – was still his primary residence and domicile. *See id.* While his application was pending, however, Plaintiff moved his primary residence to Louisiana, keeping his home in Summit as a part-time vacation residence. Plaintiff then sent a letter to the Schoharie licensing authorities inquiring whether his move made him ineligible for a license. *See id.* at 140-41.

Plaintiff's application was eventually forwarded to Defendant George Bartlett, a judge of the county court in Schoharie and licensing officer for the county. *See id.* at 141. Defendant interpreted section 400.00(3)(a)'s apparent residence requirement as a domicile requirement, relying on a 1993 decision from New York's Appellate Division, Third Department holding that, "'as used in this statute, the term residence is equivalent to domicile.'" *Id.* (quoting *Mahoney v. Lewis*, 199 A.D.2d 734, 735, 605 N.Y.S.2d 168 (3d Dep't 1993)). Since Plaintiff had advised Defendant that New York State was no longer his primary residence and, thus, not his domicile, Defendant denied the license. *See id.* Moreover, Defendant concluded that a domicile requirement was constitutional under the Second Amendment because of the State's interest in monitoring its handgun licensees to ensure their continuing fitness for the use of deadly weapons. *See id.*

Instead of seeking review of that determination in the state courts by means of an Article 78 proceeding, Plaintiff instead field a federal suit alleging, among other things, that New York's domicile requirement violated the Second and Fourteenth Amendments and seeking, among other remedies, an injunction ordering the State to give him a license. *See id.* In a May 20, 2011

2

Memorandum-Decision and Order, this Court denied Plaintiff's motion for summary judgment and granted Defendant's cross-motion for summary judgment. In its motion, Defendant argued that "by the State limiting its residency-based permits to domiciliaries, the State best guarantees its is able to monitor those permit-holders." *See* Dkt. No. 33-4 at 13. Defendant asserted that the domicile requirement is an important component of the licensing scheme and that it is sufficiently tailored to withstand constitutional scrutiny. *See id.* at 13-15. The Court determined that intermediate scrutiny was appropriate for the Second Amendment issue, and then held that a domicile requirement satisfied intermediate scrutiny because "the law allows the government to monitor its licensees more closely and better ensure the public safety." *Osterweil v. Bartlett*, 819 F. Supp. 2d 72, 85 (N.D.N.Y. 2011). Thereafter, the Court held that New York's restrictions did not violate the Equal Protection Clause or any other provision of the Fourteenth Amendment. *See id.* at 86-90.

On appeal to the Second Circuit, Plaintiff "maintained that a domicile requirement for handgun ownership is unconstitutional." *Osterweil*, 706 F.3d at 141. Defendant's primary response, however, was that "there *is no* domicile requirement under New York law." *Id.* (emphasis in original). Rather, Defendant "argues that New York's highest court has never held that the law requires domicile, that the text speaks only of residence, that the New York Court of Appeals would likely apply only a residence requirement as a matter of constitutional avoidance, and that if the statute is construed as requiring only residence, 'this litigation would thereby be resolved.'" *Id.* (quotation omitted). As such, Defendant urged the Second Circuit to certify the domicile-or-residence question to the New York Court of Appeals, or to apply *Pullman* abstention and decline to decide the case at all. *See id.* (citation omitted). In contrast, Plaintiff asked the Circuit to "stick with *Mahoney's* domicile-only rule and evaluate its constitutionality." *Id.* at 144.

3

He argued "that an important federal constitutional right is at stake, that certification will engender needless delay, and that the presence of an issue of constitutional avoidance will actually exacerbate state-federal tension by having both a state court and a federal court opine on a constitutional question in the same case." *Id.* The court found these arguments unpersuasive. *See id.* at 144-45.

Finding that the domicile-or-residence question met all three requirements for certification, the Second Circuit certified the following question to the New York Court of Appeals: "Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?" *Id.* at 145. The New York Court of Appeals accepted the certified question, pursuant to section 500.27 of the Rules of Practice of the Court of Appeals. *See Osterweil v. Bartlett*, 20 N.Y.3d 1058 (2013).

On October 15, 2013, the Court of Appeals answered the certified question in the affirmative. *See Osterweil v. Bartlett*, 21 N.Y.3d 580 (2013). The court discussed the legislative history of the statute and why the residence language was first introduced into the statute. *See id.* at 585-87. The court found its conclusion clear from the plain statutory language, which refers only to an applicant's residence and which expressly contemplates issuance of a handgun to nondomiciliaries. *See id.* at 586-87. Further, the court observed that "the law was originally designed to ensure that licenses were obtained where applicants resided, and to discourage 'forum-shopping,' rather than to exclude certain applicants from qualifying at all." *Id.* at 586. Since the Court of Appeals held that Penal Law § 400.00(3)(a) does not preclude an individual who owns a part-time residence in New York but makes his permanent domicile in another state

4

from applying for a New York handgun license, the court declined Plaintiff's invitation to decide whether a contrary law would be unconstitutional. *See id.* at 587.

On December 23, 2013, the Second Circuit reiterated the finding by the Court of Appeals that section 400.00(3)(a) imposes no requirement that Plaintiff be domiciled in New York to obtain a handgun license. *See Osterweil v. Bartlett*, 738 F.3d 520 (2d Cir. 2013). The court held that, as represented by the State in its briefing, since the word "resides" in section 400.00(3)(a) "refers only to residence and does not require domicile," Plaintiff satisfies this requirement and "'this litigation would thereby be resolved.'" *Id.* As such, the court declined to reach the constitutional question raised by Plaintiff's appeal, vacated this Court's May 20, 2011 Memorandum-Decision and Order, and remanded to this Court for further proceedings. *See id.*

On February 4, 2014, the Court held a conference with counsel for both parties to discuss the discuss the disposition of this case. Upon consideration of the arguments raised by counsel, a review of the record in this matter and the relevant law, the Court finds that this action must be dismissed. Since the New York Court of Appeals answered the certified question in the affirmative, the impediment to Plaintiff obtaining a New York State handgun license is no longer present. Any new or renewed application for a handgun permit must now be considered in light of the Court of Appeals' decision in *Osterweil v. Bartlett*, 21 N.Y.3d 580 (2013). As such, this action must be dismissed. *See Jews for Jesus, Inc. v. Hillsborough County Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998).

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that any application for costs and attorneys' fees must be submitted to the Court within **THIRTY (30) DAYS** from the filing date of this Decision and Order; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 7, 2014
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge