UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

ALFRED G. OSTERWEIL,

                    *Plaintiff*                                         09-cv-825
                                                                        MAD/DRH

        *Versus*

GEORGE E. BARTLETT, III

                    *Defendant*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION BY PLAINTIFF FOR AN ALLOWANCE OF ATTORNEYS' FEES AND COSTS

        Plaintiff submits this Memorandum of Law in support of his motion for an order awarding attorneys' fees and costs.

## TABLE OF CONTENTS

TABLE OF CONTENTS ............................................................................................... 1

STATEMENT OF FACTS ............................................................................................ 2

LEGAL STANDARD .................................................................................................... 3

AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 42 U.S.C. §1988 ...................................................... 4

PLAINTIFF REQUESTED A REASONABLE FEE FOR THE SERVICES RENDERED IN THIS MATTER ...................................................................................... 8

PLAINTIFF IS ENTITLED TO THE FULL SUM OF ATTORNEYS' FEES AND COSTS ...................................................................................................... 11

PLAINTIFF IS ENTITLED TO THE COSTS INCURRED IN MAKING THIS APPLICATION .............................................................................. 11

CONCLUSION ............................................................................................................ 12

## STATEMENT OF FACTS

Plaintiff Alfred Osterweil applied for a handgun license in May 2008.  Following the directions of New York Penal Law § 400.00(3)(a), he applied for a license "in the city or county . . . where [he] resides."  His house in Schoharie County, New York, was then his primary residence and domicile, but while his application was pending, Osterweil moved his primary residence to Louisiana, keeping his home in Schoharie County as a part-time vacation residence. Osterweil's application was forwarded to Defendant George Bartlett, a judge of the county court in Schoharie County and licensing officer for the county.  Judge Bartlett interpreted §400.00(3)(a)'s residence requirement as a domicile requirement.  Judge Bartlett further concluded that a domicile requirement was constitutional under the Second Amendment, notwithstanding *District of Columbia v. Heller*, 554 U.S. 570 (2008).

Following the denial of his application, Osterweil filed suit in this Court, alleging that New York's domicile requirement violated the Second and Fourteenth Amendments and seeking, among other remedies, an injunction ordering the State to give him a handgun license.  This Court granted summary judgment to the State, holding in relevant part that the domicile requirement satisfied intermediate scrutiny.

Mr. Osterweil retained the counsel for which he is now requesting a fee award and appealed the ruling.  Just eight days before the State's brief was due to the Second Circuit (and a full 83 days after Mr. Osterweil's attorneys filed their opening brief) the State filed a motion asking the Second Circuit to certify the following question to this Court: "Does the applicant residency requirement in New York's pistol permit statute, N.Y. Penal Law § 400.00(3), require not merely residency but domicile in the State of New York?"  The State, after having defended

the decision to deny the permit to this point, now opined that "[f]ollowing the Supreme Court's recent and dramatic shift in Second Amendment jurisprudence, there is reason to question whether the Court of Appeals would conclude that New York law requires domicile as a precondition for a home handgun license." Mr. Osterweil maintained that this "recent and dramatic shift" occurred prior to the denial of his permit application and was acknowledged by the State only after the filing of his opening brief.  After that motion was referred to the merits panel, New York reiterated its view that a domicile requirement was constitutionally suspect.

The Second Circuit certified the following question to the New York Court of Appeals:

> Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?

The New York Court of Appeals accepted the certified question and answered the question in the affirmative, ruling that Mr. Osterweil could not be precluded from applying for a handgun license merely because he was not a domiciliary but only a part-time resident of New York.  Upon receiving the ruling of the New York Court of Appeals, the Second Circuit remanded the matter back to this Court.  On February 7, 2014, this Court directed that judgment be entered in Plaintiff's favor and ordered the case closed.


## LEGAL STANDARD

A court must apply a two-step inquiry to analyze an award of attorneys' fees in a §1988 application. *Pino* v. *Locascio*, 101 F.3d 235,237 (2d Cir. 1996) (citing *Farrar* v. *Hobby*, 506 U.S. 103, 109, 113S.Ct. 566 (1992)). "First, the party must be a 'prevailing party' in order to recover.  If [they are], then the requested fee must also be reasonable." *Id.*

**AS THE PREVAILING PARTY, PLAINTIFF IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES UNDER 42 U.S.C. §1988.**

Section 1988 gives the Court discretion to award "a reasonable attorneys' fee [to the prevailing party] as part of the costs." 42 U.S.C. § 1988(b).  There is thus a statutory presumption that attorneys' fees should be awarded to successful plaintiffs in anything other than unusual situations.  *Williams v. Hanover Hous. Auth.*, 113 F.3d 1294, 1300 (1st Cir. 1997).  "Prevailing party" status for the purpose of Sections 1983 and 1988 is not necessarily equivalent to "success" in the form of judgment on any or all federal claims. Rather, a party "prevails" if its prosecution of an action results in a judicial alteration of the parties' relationship. *Buckhannon Bd. & Care Home v. W. Va. Dep't of Health & Human Res*., 532 U.S. 598, 605 (2001); *Hensley v. Eckerhart,* 461 U.S.424, 103 S.Ct. 1933 (1983); *Carston* v. *County of Cook,* 962 F.2d 749 (7th Cir. 1992). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992).

Applying this standard, federal courts have held that a party who prevails in state court litigation related to its federal Section 1983 claims was a "prevailing party" entitled to reasonable attorney's fees under Section 1988 even in the absence of a judgment in its favor on the Section 1983 claims. See *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666 (6th Cir. 2006); *Exeter-West Greenwich Reg'l Sch. Dist. v. Pontarelli*, 788 F.2d 47 (1st Cir. 1986); *Greenpoint Credit, L.L.C. v. Mo. Dep't of Revenue*, 2008 WL 151369 (E.D. Mo. Jan. 14, 2008)

In *Exeter-West*, the plaintiffs brought a Section 1983 action in federal district court challenging the Rhode Island Commissioner of Education's interpretation of state law to require public school districts to pay tuition for students to attend religiously affiliated high schools.

4

Specifically, the plaintiffs alleged that the Commissioner's interpretation of the law violated their First and Fourteenth Amendment rights and sought declaratory and injunctive relief asking that the Commissioner's interpretation be rescinded. *Id*. at 49.  The district court certified the issue of state statutory construction to the Rhode Island Supreme Court. *Id*. at 50-51. After the state court resolved the matter of the state statute's interpretation in favor of the Commissioner, the federal court dismissed the Section 1983 claim as moot. The federal district court nevertheless awarded the plaintiffs their attorneys' fees, finding that they were "prevailing parties" under Section 1988. *Id*. at 50.

On appeal, the First Circuit upheld the attorneys' fee judgment even though the federal Section 1983 action had been dismissed as moot, relying on the House Report accompanying Section 1988 and reasoning,

> "[A]ttorney's fees may be awarded, when a party prevails not on any part of the Sec. 1983 claim but on a pendent, nonconstitutional statutory claim, if the Sec. 1983 claim was "substantial and . . . the successful pendent claim arose from the same nucleus of facts." *Lund v. Affleck*, 587 F.2d at 77. . . . In some instances . . . the [§ 1983] claim . . . may involve a constitutional question which the courts are reluctant to resolve if [a pendent] non-constitutional claim is dispositive. *Hagans v. Lavine*, 415 U.S. 528 (1974). In such cases, if the claim for which fees may be awarded meets the "substantiality" test, see *Hagans v. Lavine*, supra; *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), attorney's fees may be allowed even though the court declines to enter judgment for the plaintiff on that claim, so long as the plaintiff prevails on the non-fee claim arising out of a "common nucleus of operative fact." *United Mine Workers v. Gibbs*, supra at 725. . . . Id. at 50-51.

The First Circuit therefore concluded:

> [W]e find that plaintiffs have achieved not some but all the benefit they sought from their Sec. 1983 claim. They challenged the validity of the Commissioner's decision and succeeded in having it overturned. The state-law issue on which they prevailed also arose from the same nucleus of common fact as the Sec. 1983 issue--the Commissioner's decision. It was significant and substantial since

its resolution disposed of the entire matter. Finally, the state-law issue was an issue "in litigation" even though it was not raised in the pleadings and, under *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 121, 104 S.Ct. 900, 919, 79 L.Ed.2d 67 (1984), could not have been pendent to the Sec. 1983 claim unless the state waived its immunity. It was part of the case, and therefore "in litigation," because the district court determined that under the abstention doctrine of *Railroad Commission of Texas v. Pullman Co.*, 312 U.S. 496, 501, 61 S.Ct. 643, 645, 85 L.Ed. 971 (1941), and *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814, 96 S.Ct. 1236, 1244, 47 L.Ed.2d 483 (1976), the issue had to be decided by the Rhode Island Supreme Court before the federal court could reach the constitutional issues in the case. *Id*. at 51.

The First Circuit rejected the defendant's argument that *Pennhurst* prevented a district court from awarding fees for state court proceedings that litigated and determined a state law issue, reasoning that "[t]he only way to harmonize the federalism concerns of *Pennhurst*, the abstention doctrine of *Pullman*, and Congress' desire to create an incentive under Section 1988 for plaintiffs to seek enforcement of federal civil rights law in federal courts, is by awarding fees in certification cases." Id. at 51. That is,

> "[I]f fees are not allowed for work done in state-court proceedings when the district court abstains from deciding federal § 1983 claims arising out of the same facts serious strains between the state and federal court system might develop. State defendants would be required to seek abstention until involved state law was adjudicated in state courts. Plaintiffs seeking relief under section 1983 would be compelled to oppose any move from federal court, despite the fact that an initial determination of certain matters by the state court might simplify or even moot the federal action because of the loss of the right to claim attorney's fees under section 1988." *Id*. at 51 (citations and quotations omitted) (emphasis added).[1]

---

[1] See also *Doe v. Ward*, 282 F. Supp. 2d 323, 324 (W.D. Pa. 2003) (awarding attorneys fees to plaintiff who "ultimately obtained the relief he sought based on state law"); *Lampher v. Zagel*, 755 F.2d 99 (7th Cir.1985) (fees permitted plaintiffs for defense of state confiscation proceedings, district court had stayed §1983 proceedings at the defendant's request); *Stathos v. Bowden*, 728 F.2d 15 (1st Cir.1984) (fees permitted plaintiffs under §1988 for defense of state declaratory judgment action brought by defendants in anticipation of plaintiff's §1983 action); *Bartholomew v. Watson*, 665 F.2d 910 (fees permitted plaintiffs for work done in state court proceedings to determine potentially conclusive state-law question, the district court had stayed proceedings at the defendants' request).

Similarly, in *DiLaura*, the plaintiffs filed suit under Section 1983, challenging a zoning commission's denial of the plaintiffs' application for a proposed use of their property involving accommodations (including food and alcohol) for a religious prayer group. 471 F.3d at 668-69. The district court dismissed the plaintiffs' complaint for lack of standing, and the court of appeals affirmed in part and reversed in part, remanding for a determination of the plaintiffs' claim under the Religious Land Use and Institutionalized Persons Act. *Id.* at 669. After the plaintiffs amended their complaint, the defendants granted the plaintiffs a conditional permit and indicated that they would not enforce restrictions concerning food and alcohol. *Id.* The district court granted summary judgment in favor of the plaintiffs holding that the defendants' proposal violated the Act, but refused to grant the plaintiffs any substantive relief and rejected their request for an injunction. *Id.*

The plaintiffs requested attorneys' fees as a prevailing party, and the district court entered an award in their favor. *Id.* The defendants appealed, arguing that: (1) their change in position was voluntary, and the court did not order the defendants to do anything; and (2) the plaintiffs' victory was only symbolic because the court did not grant them monetary, declaratory, or injunctive relief. *Id.* at 670-71. The Sixth Circuit rejected both of these arguments. The court noted that the defendants' change in behavior was anything but voluntary, given that they defended themselves in court and appealed the district court's adverse ruling. *Id.* at 670. The Sixth Circuit held that a party need not obtain a money judgment, enforceable declaratory judgment, or injunction to achieve "prevailing party" status. *Id.* at 671. "[I]f the party points to success on a significant issue leading to a material legal alteration between the parties, then that party has crossed the 'statutory threshold' into prevailing party status." *Id.*

Finally, in *Greenpoint*, a company filed suit in Missouri state court against the Missouri

Department of Revenue and challenged the Department's enforcement of a statute. 2008 WL 151369. The company obtained a preliminary injunction in state court but thereafter the case was stayed pending the resolution of a related state law case. *Id*. at *2. Following judgment against the State in the related litigation, the company added a Section 1983 claim also seeking injunctive relief and the case was removed to the United States District Court for the Eastern District of Missouri. *Id*. at *3. The United States District Court for the Eastern District of Missouri found the company's Section 1983 injunctive relief claims were moot, but nonetheless awarded the company fees as a prevailing party because the state court preliminary injunction had altered the parties' relationship, and the company had succeeded in forcing the Department to cease its unlawful conduct. *Id*. at *10.

Plaintiff's State Court victory satisfies all of the statutory requirements for recovery of fees incurred in this litigation.  The litigation resolved:  (1) a "significant" issue in Plaintiff's Section 1983 claim; (2) that arose out of the same nucleus of operative facts as Plaintiff's Section 1983 claims; and (3) achieved some of the benefit Plaintiff sought in bringing the Section 1983 claim, a determination that the Defendants' actions were not authorized or permitted by state law and a cessation of the Defendants' conduct.  *See Exeter-West*, 788 F.2d at 50.

## PLAINTIFF REQUESTED A REASONABLE FEE FOR THE SERVICES RENDERED IN THIS MATTER

In determining a reasonable attorneys' fee, the starting point is the calculation of what has traditionally been referred to as the "lodestar" amount, and more recently as a "presumptively reasonable fee" which is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of*

*Albany*, 522 F.3d 182, 183-84 (2d Cir. 2007); *Hensley v. Eckerhart*, 461 U.S. 424, 433, 76 L. Ed. 2d 40 (1983).

Here, Plaintiff's primary attorney's hourly rates represent a "presumptively reasonable fee." At all times in this matter, Greenbaum, Rowe, Smith & Davis LLP billed partner rates $350 (discounted from between $375 to $395) to $500 per hour, associates at $210 to $240 per hour and $185 per hour for paralegal time. *See Declaration of Daniel Schmutter* at *22. The legal services as set forth in the attached declaration and associated invoices total $54,952.07. *Id.* at *28.

The hours spent challenging New York State's statutory mechanism by which individuals apply for and may be granted permits to carry or possess firearms successfully are reasonable given the unusual legal and factual circumstances of this case. Further, "there are very few attorneys who practice Second Amendment constitutional litigation, and who practice constitutional litigation on behalf of plaintiffs against government entities." *Declaration of Daniel Schmutter* at 27. Likewise, the hourly rates are reasonable as they are comparable to those of other civil rights attorneys in the community. *Saunders v. City of N.Y.,* 07 Civ. 830, 2009 WL 4729948 at *8 (S.D.N.Y. Dec. 9, 2009) (awarding hourly rate of $425 for partners with eighteen and sixteen years of experience, $300 for associate who had graduated law school in 2001, and $275 for associates who had graduated law school in 2005 and 2006); *Luca v. Cnty. of Nassau*, 698 F. Supp. 2d 296 (E.D.N.Y. 2010) ($400 per hour was reasonable rate for plaintiff's attorney in civil rights case).

Attorney Paul D. Clement, and his firm, Bancroft, PLLC, billed his time at a rate of $1100 per hour, associate rates from $425 to $625 per hour, research associate at $225 and case manager work at $250 per hour with a large portion of said fees discounted or deducted entirely

from the final invoices.  All of the attorneys that worked on this matter have extensive experience in briefing and arguing constitutional matters in the federal courts. *See Declaration of Paul Clement* at *24.  Bancroft's fees and disbursements in this matter are also consistent with the rates in the national appellate market for the price of legal services of comparable quality rendered in cases demanding similar skill, judgment, time and performance. *Id.* at *31.  The legal services as set forth in the attached declaration and associated invoices total $216,824.22. *Id.* at 36.

Mr. Clement's hourly rates represent a "presumptively reasonable fee" in that it represents the actual market rate which he commands and collects.  In fact his fee has increased since the time he was retained in this matter to $1350 per hour. As discussed in his Declaration, a number of other lawyers currently bill at similar rates exceeding $1000 per hour; however, none of those other attorneys, although comparable in fee, are comparable in qualification. Mr. Clement's Declaration goes into detail as to those qualifications; however, it is appropriate to mention that he was the 43rd Solicitor General of the United States and has argued seventy cases before the Supreme Court of the United States.  More importantly, it was the nature and magnitude of the ramifications of this case not just for Mr. Osterweil but for all similarly situated persons that required the involvement of an attorney of Mr. Clement's caliber.

The total hours worked and the breakdown of fees associated with those hours are explained in detail in the Declarations of Daniel Schmutter and Paul Clement. The Declaration of Alfred G. Osterweil sets forth a claim only for cost and not attorney's fees.

## PLAINTIFF IS ENTITLED TO THE FULL SUM OF ATTORNEYS' FEES

The court should award the full amount requested because plaintiffs need not "prevail" on every contention in the lawsuit to be deemed the prevailing party. *Hensley,* 461 U.S. 424, 103 S.Ct. 1933 (1983); *Carston,* 962 F.2d 749 (7th Cir. 1992); *Cobb v. Miller,* 818 F.2d at 1233

> "In [some] cases the plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories. Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.,* at 435, 103 S.Ct., at 1940.

Accordingly, *Hensley* emphasized that "[w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," and that "the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit." *City of Riverside v. Rivera, 477* U.S. 561, 106 S.Ct. 2686 (1986).

## PLAINTIFF IS ENTITLED TO THE COSTS INCURRED IN MAKING THIS APPLICATION.

The time spent to prepare the fee application is compensable as part of the attorney's fees to be awarded. The court must include an amount for the time reasonably spent on the fee claim itself. *Harris v. Marhoefer,* 24 F.3d 16 (9th Cir. 1994); *Johnson v. State of Mississippi,* 606 F.2d 635, 637-679 (5th Cir. 1979). The fees related to preparation of this application are included and so identified in the attorney's respective declarations.

**CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully request that this Court grant Plaintiff's motion pursuant to FRCP 54(d)(2) and 42 U.S.C. section 1988(b) and attorneys' fees in the amount of no less than $238,871.32, together with disbursements and expenses in the amount of $6,180.03, for a total allowance of no less than $245,051.35, together with such other and further relief as to the Court may seem just and proper.

Respectfully Submitted,

s/ Daniel L. Schmutter
Daniel L. Schmutter, Esq.
Bar Number: 507669
Attorneys for Plaintiff
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, New Jersey  08830
Telephone: (732) 549-5600
Fax:  (732) 549-1881
E-mail:  dschmutter@greenbaumlaw.com