UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALFRED G. OSTERWEIL,

                                              *Plaintiff,*

                    -against-                                    09-CV-0825

GEORGE R. BARTLETT, III, et al.,                                 MAD/DRH

                                              *Defendants.*

---

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS FEES AND COSTS

<br>

ERIC T. SCHNEIDERMAN
Attorney General of the State of New York
Attorney for Defendant George R. Bartlett, III
The Capitol
Albany, New York  12224-0341

Adrienne J. Kerwin
Assistant Attorney General, of Counsel
Bar Roll No. 105154
Telephone:  (518) 474-3340
Fax:  (518) 473-1572 (Not for service of papers)                Date: April 7, 2014

**Table of Contents**

PRELIMINARY SATEMENT………………………………………………………..1

WORK DONE ON PLAINTIFF'S APPEAL………………………………………1

ARGUMENT…………………………………………………………………………..3

POINT I…………………………………………………………………………...3

PLAINTIFF IS NOT A PREVAILING PARTY………………………………..3

POINT II………………………………………………………………………….5

THE ATTORNEYS' FEES SOUGHT BY THE
PLAINTIFF ARE UNREASONABLE AND EXCESSIVE……………………5

A.  The Rates are Unreasonable………………………………………………5

B.  The Number of Hours Spent Are Unreasonable……………………….7

1.  Combined and Non-Specific Time Entries…………………..7

2.  Overstaffing…………………………………………………...16

3.   Drafting and Editing of Briefs and Legal
Memoranda…………………………………………………………17

a.  Appellant's Brief to the Second Circuit……………18

b.   Opposition to Defendant's Motions………………19

c.  Appellant's Brief to the New York State
Court of Appeals………………………………………...19

d.   Reply Brief to the New York State Court
of Appeals………………………………………………20

4.  Researching and Brief Preparation………………………...21

5.  Preparation for Oral Arguments…………………………...22

i

6.    Administrative/Paralegal Tasks…………………………..22

7.    Legal Fee Application……………………………………23

8.    Pro Hac Vice Application and Costs……………………..23

CONCLUSION………………………………………………………………………..24

APPENDIX

## PRELIMINARY STATEMENT

This action was commenced by the plaintiff, Alfred G. Osterweil, *pro se,* by the filing of a complaint on or about July 21, 2009 alleging violations of his Second Amendment rights pursuant to 42 USC §1983 stemming from a denial of plaintiff's application for a gun license based on plaintiff's domicile being located outside of New York State.  <u>See</u> Dkt. No. 1. After a motion to dismiss the complaint was granted in part, an answer was filed and served on behalf of the remaining defendant, Schoharie County Judge George R. Bartlett, III.  <u>See</u> Dkt. No. 27. Thereafter, cross-motions for summary judgment were made by the parties.  <u>See</u> Dkt. Nos. 30, 33.  Plaintiff's motion was denied in its entirety, and Judge Bartlett's cross-motion was granted in its entirety.  <u>See</u> Dkt. No. 36.  On or about June 13, 2011, the plaintiff filed a notice of appeal, pro se.  <u>See</u> Dkt. No. 39.

## WORK PERFORMED ON PLAINTIFF'S APPEAL

Law firms Bancroft, PLLC and Greenbaum, Rowe, Smith & Davis, LLP appeared in the United States Court of Appeals for the Second Circuit on behalf of the plaintiff on January 26, 2012, <u>see</u> Kerwin aff. at Exhibit A, Dkt. Nos. 48-53, and a brief was submitted on the same date. <u>See</u> id. at No. 55. On April 18, 2012, Judge Bartlett filed (1) a motion to certify a question, <u>see</u> id. at No. 68, and (2) a motion to extend Judge Bartlett's time to submit his responding appellate brief. <u>See</u> id. at No. 69. On April 24, 2012, plaintiff filed opposition to defendant's motion to extend time, <u>see</u> id. at No. 72, and the court issued an order denying defendant's motion to extend time on April 27, 2012.  <u>See</u> id. at No. 77.  On April 30, 2012, plaintiff filed his opposition to defendant's motion to certify a question. <u>See</u> id. at No. 79.

On June 26, 2012, defendant filed his responding appellate brief.  <u>See</u> id. at No. 83.  A reply brief was filed on behalf of the plaintiff on July 10, 2012.  <u>See</u> id. at No. 90.  Oral argument was held on October 26, 2012, <u>see</u> id. at No. 100, and by non-dispositive opinion dated January 29, 2013, the Second Circuit certified the following question:

> Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?

<u>See</u> id. at No. 103.  <u>See also</u> Kerwin aff. at Exh. E.

A brief was filed with the New York State Court of Appeals on behalf of plaintiff on or about May 7, 2013 very briefly addressing the certified question, with the other approximately twenty-seven pages arguing under the Second Amendment.  <u>See</u> Kerwin aff. at Exh. F.  Judge Bartlett's thirty page brief was filed on or about June 5, 2013 arguing that the certified question should be answered in the affirmative. <u>See</u> Kerwin aff. at Exh. G.  A twenty-one page reply brief was filed on behalf of the plaintiff on June 24, 2013. <u>See</u> Kerwin aff. at Exh. H.  Oral argument was held before the New York State Court of Appeals on September 12, 2013.  In its decision dated October 15, 2013, the New York State Court of Appeals answered the certified question in the affirmative and did not address any constitutional issue.  <u>See</u> Kerwin aff. at Exh. I.  The Second Circuit then issued its opinion vacating the decision of this court based solely on the answer to its certified question by the New York State Court of Appeals, and without deciding plaintiff's constitutional question because Judge Bartlett's denial of petitioner's firearm license was based on a "flawed reading of the licensing statute."  <u>See</u> Kerwin aff. at Exh. J.

By mandate dated January 14, 2014, the Second Circuit Court of Appeals remanded the case back to the District Court.  See Dkt. No. 42.  Upon remand, this court dismissed plaintiff's complaint in accordance with the opinion of the Second Circuit because the "impediment to Plaintiff obtaining a New York State handgun license is no longer present."  See Dkt. No. 46.

Counsel for plaintiff, who represented the plaintiff on appeal only, now seek attorneys' fees in the amount of $189,294.28 and costs in the amount of $5375.03 pursuant to 42 USC §1988.

**ARGUMENT**

<u>POINT I</u>

<u>PLAINTIFF IS NOT A PREVAILING PARTY</u>

"Section 1988(b) permits reasonable attorney's fees and costs to be awarded to a 'prevailing party' in any action or proceeding in connection with enforcing the provisions of 42 USC §1983." Garcia v. Yonkers School District, 561 F3d 97, 102 (2d Cir. 2009).  In this case, the constitutional question was never addressed by the United States Court of Appeals or the New York State Court of Appeals.  See Kerwin aff. at Exhs. I and J.  Instead, the case was decided on an interpretation of New York State statutory law – an avenue that the plaintiff opposed.  That resolution of the constitutional issue was the intended goal of this litigation is evidenced by the fact that the "client" for whom counsel performed legal work in this case was the National Rifle Association, not Alfred Osterweil. See Schmutter decl. at Exh. A.  In fact, in his time entries, attorney Schmutter refers to communications with "client" separately from communications with "Mr. Osterweil." See e.g. Schmutter decl. at Exh. A, entry 1/29/13. While attorney Schmutter's time entries show that the National Rifle Association (Chistopher Conte,

3

Litigation Counsel) is being billed for the fees and costs associated with this case, the headings of the time records attached to the declaration of attorney Clement appear to have been omitted, and no client information appears on those records.  See Clement decl. at Exh. A.  Further, there are far more time entries associated with communication with Christopher Conte, litigation counsel for the National Rifle Association, than with Mr. Osterweill.  See id.; Schmutter decl. at Exh. A. Finally, there is nothing in this record showing that the defendant has personally incurred any financial loss or liability in connection with this litigation other than the fees associates with filing his complaint.  See Osterweil decl.

Even if the court finds that the plaintiff actually achieved his desired result – consideration of his application for a handgun license as a non-domiciliary -- on the facts of this particular case, the plaintiff cannot be treated as a prevailing party, because to do so would be unjust.  Wilder v. Bernstein, 72 FSupp 1324, 1329 (SDNY 1989) (special circumstances can make an award of attorneys' fees unjust.  The plaintiff sought a constitutional finding and opposed deciding the case on New York State statutory grounds, and there is no evidence that he has suffered any attorney's fees or costs beyond the initial filing fee.  To award attorneys' fees in this case would be contrary to the intent of Section 1988, which is to encourage the pursuit of civil rights cases by citizens, not special interest groups, which are funded through dues and other avenues for the purpose of bringing law suits.

4

POINT II

THE ATTORNEYS' FEES SOUGHT BY THE
PLAINTIFF ARE UNREASONABLE AND
EXCESSIVE

Even if, *arguendo*, the court determined that the plaintiff is a prevailing party under section 1988, plaintiff has failed to submit any information sufficient to ascertain the reasonableness of plaintiff's fee application herein.  When evaluating the reasonableness of an attorney's fee application, the court must determine (1) whether the number of hours spent by the attorneys was reasonable and (2) whether the rates sought in the application are reasonable. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 522 F3d 182, 190 (2d Cir. 2008).   The fees sought by plaintiff's attorneys are not only unreasonable, but shockingly excessive.  The plaintiff seeks to be compensated for legal work performed in connection with his appeal only in the amount of $183,919.25.

A.      **The Rates Are Unreasonable**

The rates sought by the plaintiffs are outrageously unreasonable.  Under 42 USC §1988, prevailing parties are entitled to recover attorneys' fees using the prevailing rates in the judicial district in which the trial court sits.  In re Agent Orange Prod. Liab. Litig., 818 F2d 226, 232 (2d Cir. 1987).  As recently as 2012, the Second Circuit has continued to hold that the hourly rates of $210 for experienced attorneys, $150 for attorneys with more than four years' experience, $120 for attorneys with less than four years' experience and $80 for paralegals are properly applied as the prevailing rates in this District. Lore v. City of Syracuse, 670 F3d 127, 176 (NDNY 2012) (affirming the continued use of the rates set forth in Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany, 2005 WL 670307, *7 (NDNY 2005)).

5

First, plaintiff has failed to provide information about the experience level of attorneys who provided services in this case. Attorney Clement submitted a declaration attaching the time records spent on this case by the law firm of Bancroft PLLC. In his declaration, attorney Clement describes his own legal experience and that of associate attorney Z. Zachary Hudson, but fails to articulate how many years of experience attorney Hudson has reached. See Clement decl. at ¶25. However, according to its time entries, Bancroft PLLC seeks to recover fees for work performed by attorneys Erin E. Murphy, see Dkt. No. 48-3 at p. 24, and Kelsi B. Corkran, see id., at hourly rates of $575 and $625 respectively. There is no information in any of plaintiffs' submissions relating to the years of experience of these two attorneys.

Similarly, attorney Schmutter submitted a declaration attaching the time records spent on this case by the law firms of Farer Fersko and Greenbaum, Rowe, Smith & Davis LLP. See Schmutter decl. at Exh. A. In that declaration, attorney Schmutter describes his own legal experience and that of his partner, Raymond Brown. See id. at ¶¶22-23. However, according to its time entries, Greenbaum, Rowe, Smith and Davis LLP seeks to recover fees for work performed by attorneys Marjan F. Disler, see Dkt. No. 48-2, p. 21, 29, and Irene Hsieh, see id. at p. 36, at hourly rates of $210 and $240, respectively. See id. at pp. 21, 29, 36. In light of the absence of any evidence speaking to the experience level of these attorneys, the court should apply the lowest attorney rate when calculating the fees sought for the work done by them.

Second, the rates sought by plaintiff for all of the other attorneys and staff involved in this case are excessive. The declarations submitted by plaintiff's counsel in support of plaintiff's legal fee application seek the following rates: (1) partner Paul D. Clement at $1100 per hour; (2) associate attorney D. Zachary Hudson at $425 per hour; (3) partner Daniel L. Schmutter at $350

6

per hour; (4) partner Raymond Brown at $500 per hour; (5) paralegal Tracy A. Fego at $185 per hour; and (8) paralegal Kaitlin Luzzi at $185 per hour.  In light of the prevailing rates in this district, these rates -- particularly those of attorneys Clement, Hudson and Brown --  are significantly excessive.  In light of the work that needed to be performed on this non-complex appeal, and the lack of experience of attorneys Clement, Hudson and Brown in New York State practice – when the ultimate issue in this case was one of New York State statutory construction – plaintiff has failed to justify the application of rates in excess of the prevailing rates in this district.  As a result, the amount of attorneys' fees must be significantly reduced.

**B.     The Number of Hours Spent Are Unreasonable**

"In determining the number of hours for which fees should be awarded, the Court should not compensate counsel for hours that are 'excessive, redundant, or otherwise unnecessary'," and "has discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application."  Rodriguez v. McLoughlin, 84 FSupp2d 417, 425 (SDNY 1999).  To ascertain how much attorney time should be compensated, the court first looks to the time spent on each category of tasks.  Tucker v. City of New York, 704 FSupp2d 347, 354 (SDNY 2010).  As discussed in detail below, the amount of hours for which the plaintiff seeks compensation is excessive.

**1.     *Combined and Non-specific Time Entries***

The time entries offered by plaintiff in support of his fee application include entries in which various tasks are combined together.  "Fee applicants should not 'lump several services or tasks into one time sheet entry because it is then difficult . . . for a court to determine the

reasonableness of the time spent on each of the . . . services or tasks provided.  It is the responsibility of the applicant to make separate time entries for each activity.'"  <u>Williamsburg Fair Housing Committee v. New York City Housing Auth.</u>, 2005 US Dist LEXIS 5200, **26-27 (SDNY 2005) (internal quotation marks omitted) (attached).  Accordingly, "'[m]ixed-class entries are properly excluded since, without more detail, a court cannot determine the proper compensation.'"  <u>Id</u>. at *27.

The time records submitted by plaintiff include a large amount of mixed entries, which must be excluded from any calculation of time spent on the appeal in this case.  Specifically, the following entries from Bancroft LLP should be excluded:

> 1/19/12        Draft brief; review recent New York case law on gun control; review New York case law on gun control; review New York gun control statutory regime, <u>see</u> Dkt. No. 48-3 at p. 15;

> 1/20/12        Complete draft brief; review record and revise facts section of brief; proofread brief; e-mail brief to P. Clement, <u>see</u> id. at p. 16;

> 1/23/12        revise brief; coordinate appearance of P. Clement and Z. Hudson with D. Schmutter, <u>see</u> id.;

> 1/24/12        Communicate with D. Schmutter regarding joint appendix; adjust brief cites to match joint appendix; revise and edit brief, <u>see</u> id.;

> 1/25/12        revise and edit brief to incorporate edits and suggestions from other attorneys; review Judge Kavanaugh's dissent in Heller II; redact appendix, see id.;

> 1/26/12        Conduct final edits and read-through of brief; coordinate filing with D. Schmutter; coordinate printing and filing with case manager; communicate with P. Clement about finalizing brief and logistical issues, <u>see</u> id. at p. 17;

> 4/23/12        Prepare for and participate in conference call with client; research stay and extension standards and motion format;

draft and edit stay opposition; send draft to P. Clement; review P. Clement's edits; send draft to client, see id.;

4/23/12      Prepare for and participate in conference call regarding response to State's certification and stay motions; edit opposition to stay, see id. at p. 18;

4/25/12      Research NY attorney general enforcement discretion; research NY and Second Circuit law on constitutional avoidance and certification; review NY residence and domicile cases; begin drafting motion opposition; edit drafted preliminary statement and statement of facts, see id.;

4/26/12      Complete draft of argument section; review Bartlett's motion materials; edit draft and send to P. Clement, see id.;

4/30/12      Read and edit P. Clement's draft; circulate to group; set up cite-check; incorporate cite-check changes; coordinate submission of certification opposition; review final certification opposition, see id.;

7/01/12      Review briefs filed to date; develop matrix categorizing new arguments presented by Bartlett, see id.;

7/05/12      Review appellee brief; review certification case law; review Pullman doctrine case law; review waiver case law; review Heller and McDonald; review standing case law; review district court opinion; review all district court filings; review joint appendix, see id. at p. 19;

7/06/12      Complete review of district court documents; review Decastro and Ezell cases; review Ezell briefs; draft outline; complete rough draft of brief, see id.;

7/07/12      Draft introduction and summary; complete draft of brief; add and edit citations; e-mail draft to P. Clement; conduct additional research on Pullman and waiver to address P. Clement's concerns; incorporate and proofread P. Clement's edits; send draft brief to D. Schmutter, see id.;

7/10/12      Review District Court docket for Bartlett's past fingerprint-related arguments; exchange e-mails regarding brief; review cases cited in brief; review District Court opinion; review

9

Bartlett brief; review cite-check changes; edit brief; complete final draft of brief; send final draft to D. Schmutter, <u>see</u> id.;

10/05/12        Review case materials; assemble materials for oral argument preparation; e-mail P. Clement regarding moot, <u>see</u> id. at p. 20;

10/23/12        Review briefs in preparation for moot; review relevant Second Amendment case law; review relevant New York case law; review certification cases; exchange e-mails with attorneys regarding moot; prepare questions for moot, <u>see</u> id. at p. 23;

10/24/12        Discuss case with K. Corkan and E. Murphy; review joint appendix materials; prepare for and participate in moot; type up questions for moot; conduct additional research on certification for P. Clement, <u>see</u> id.;

10/24/12        Review materials on NY attorney general authority; review additional certification case law; review case law on authority of federal courts to interpret state statutes; construct case timeline; send research results and time line to P. Clement, <u>see</u> id. at p. 24;

1/30/13        Review opinion and orders; review materials on certification process; exchanges e-mails regarding certification and timing, <u>see</u> id. at p. 29;

2/12/13        Exchange e-mails regarding letter to NY Court of Appeals; review certification and stay oppositions; draft letter to NY Court of Appeals; exchange e-mails with P. Clement regarding same, <u>see</u> id.;

4/09/13        Review briefing order; review NY Court of Appeals rules; review briefing in recently certified cases, <u>see</u> id. at p. 30;

4/10/13        Build brief outline; review materials filed in Second Circuit; review relevant NY case law and statutory provisions, <u>see</u> id.;

4/11/13        Review relevant NY case law; review appendix materials; draft brief, <u>see</u> id.;

4/12/13        Draft brief; revise draft; speak to court regarding

10

brief and appendix requirements; edit brief, see id.;

4/13/13        review recent Second Amendment decisions; revise draft, see id.;

4/18/13        Exchange emails regarding brief; develop additional constitutional avoidance material; edit revised brief; forward brief to D. Schmutter, see id. at p. 31;

4/19/13        Exchange e-mails with P. Clement regarding brief; review recent Supreme Court opinions for material on sanctity of the home; review briefing order; review cite check; discuss logistics with D. Schmutter and case manager, see id.;

4/21/13        Review prepared briefing materials; revise citations to match new appendix; enter cite check changes; revise brief; send revised brief to P. Clement, see id.;

4/22/13        Review updated brief; send to D. Schmutter; review updated appendix; exchange e-mails with D. Schmutter and case manager regarding brief; coordinate filing of brief; review electronic filing requirements; send final brief and appendix to D. Schmutter, see id. at p. 32,

4/30/13        Exchange e-mails regarding brief and appendix issues; review NY Court of Appeals rules; assemble additional appendix materials, see id.;

5/01/13        Exchange e-mails regarding brief and appendix issues; review briefing order; review NY Court of Appeals rules; discuss brief and appendix issues with NY Court of Appeals clerk's office; review and redact updated appendix; address pro hac issues, see id.;

5/06/13        Review redactions; make additional redactions to appendix; update brief cover and brief appendix citations; exchange e-mails regarding pro hac vice motions; discuss redaction issues with case manager; review updated brief and appendix, see id. at p. 33;

5/07/13        Discuss pro hac issues with clerk's office; discuss filing with case manager; exchange e-mails regarding brief, appendix and filing deadlines; review final appendix and brief; coordinate submissions of appendix and brief; exchange e-mails

11

with D. Schmutter regarding same, <u>see</u> id.;

6/10/13       Review state response brief; review opening brief; review NY Court of Appeals rules; review potential arguments in favor of not filing a reply brief; review argument transcript; discuss strategy with P. Clement, <u>see</u> id. at p. 34;

6/12/13       Review constitutional avoidance materials; review materials on certification jurisdiction; review materials on certification procedures; review district court and Second Circuit briefing, <u>see</u> id.;

6/17/13       Review additional Second Amendment materials; draft responses to State's timing arguments; draft responses to State's arguments attempting to distinguish Heller; draft responses to State's intermediate scrutiny arguments; review and edit Second Circuit transcript for potential inclusion as an addendum, *see* id. at pp. 34-35;

6/18/13       Review state cases on argument forfeiture; draft response to State's constitutional avoidance arguments; draft introduction and summary of argument; complete rough draft of brief; edit draft, <u>see</u> id. at p. 35; and

6/24/13       Revise brief; review cite check changes; proofread brief; coordinate filing of brief.  <u>See</u> id.

Similarly, the following entries by Farer Fersko/Greenbaum, Rowe, Smith & David LLP

should be excluded because they included various tasks:

6/23/11       Prepared initial filings. Corresponded with Paul Clement re: [redacted]. Examined documents from Al Osterweil, <u>see</u> Dkt. No. 48-2 at p. 10;

9/02/11       Prepared Notice of Appearance. Conferred with Court re: filing deadline, <u>see</u> id. at p. 12;

10/06/11       Corresponded with Christopher Conte and Paul Clement re: [redacted]. Examined response, <u>see</u> id. at p. 13;

10/12/11       Examined correspondence from State re: CAMP conference. Correspond with clients re: [redacted], <u>see</u> id. at p. 14;

12

1/13/12        Prepare Appellate brief; Examine Second Circuit rules re: brief preparation and filing, see id. at p. 15;

1/16/12        Prepare brief; Examine rules of Second Circuit re. brief length and filing, see id.;

1/19/12        Confer with Mr. Hudson re: [redacted]; Prepare brief and appendix, see id.;

1/23/12        Prepare appendix; Examine record re: appendix; Confer with Mr. Brady re: appendix and issues in case; Correspond with Mr. Hudson re: [redacted]; Examine draft brief from Mr. Clement; Correspond with Mr. Clement re: [redacted], see id.;

1/24/12        Prepare joint appendix; Examine issues re: [redacted]; Examine correspondence from Mr. Osterweil re: [redacted], see id.;

1/25/12        Examine issues re: appendix and filing brief and appendix; Confer with Mr. Brady re: Joint Appendix; Confer and correspond with Mr. Hudson re: [redacted], see id.;

1/27/12        Confer and correspond with Paul Clement re: [redacted]; Confer with Case Manager re: designation of counsel; Examine issues re: [redacted], see id. at p. 16;

4/12/12        Confer with Mr. Brady re: motion to certify question of law; Confer with Christopher Conte re: [redacted]; Correspond with Paul Clement re: [redacted], see id. at p. 19;

4/18/12        Examine motions of State to certify question of law and stay briefing schedule; Examine appellate rules re: motions; Correspond with Christopher Conte and Paul Clement re: [redacted], see id.;

4/20/12        Examine issues re: [redacted]; Confer with Christopher Conte; Correspond with Al Osterweil re: [redacted], see id. at p. 20;

4/23/12        Examine issues re: [redacted]; Conference call with Christopher Conte, Paul Clement and Zac Hudson re: [redacted]; Prepare opposition to stay, see id.;

4/24/12        Prepare and file opposition to motion for stay;

13

Correspond with clients re: [redacted]; Examine issues re: [redacted], see id.;

4/30/12    Draft opposition to motion for certification; Prepare revisions and comments;  Examine revised draft and prepare comments; Prepare revisions and final version of opposition; Filed opposition; Correspond with Al Osterweil and all co-counsel re: [redacted]; Examine rules re: filing opposition to motion, see id.;

6/26/12    Examine State's brief and prepare analysis for co-counsel and client; Examine recent case law, see id. at p. 21;

7/03/12    Prepare Oral Argument Statement; Examine Oral Argument Statement of State; Examine State's brief, see id. at p. 26;

7/08/12    Examine State's brief and case law; Examine draft reply and prepare comments, see id.;

7/09/12    Correspond with Paul Clement re: [redacted]; Examine correspondence from Al Osterweil re: [redaction]; Correspond with Al Osterweil, see id.;

7/10/12    Examine reply brief; File reply brief; Correspond with Al Osterweil re: [redacted], see id;

8/21/12    Examine issues re: [redaction]; Correspond with clients and co-counsel re: [redacted], see id. at p. 28;

1/29/13    Examine opinion of Second Circuit; Confer with client re: [redacted]; Confer with Al Osterweil re: [redacted]; Confer with Reuters re: decision, see id. at p. 31;

2/20/13    Examine order from court re: certification; Correspond with court re: briefing schedule; Correspond with client and co-counsel re: [redaction], see id. at p. 32;

4/19/13    Examine draft brief and prepare comments; Confer with Zac Hudson re: [redacted]; Correspond with Simon Heller re: appendix; Confer and correspond with Al Osterweil re: [redacted]; Examine issues re: e-filing brief and appendix, see id. at p. 35;

4/22/13    Prepare brief and appendix for filing; Examine correspondence from New York State re: appendix; Examine final

draft of brief; Correspond with Zac Hudson re: [redacted], <u>see</u> id.;

2/04/14       Confer with Zac Hudson re: [redacted]; prepare for call with Court; Conference call with Court re: status of case; Correspond with clients and co-counsel re: [redacted]; Examine issues re: [redacted]; <u>see</u> id. at p. 47;

3/06/14       Prepare declaration of Daniel L. Schmutter; Examine issues re: fee apoplication; Examine issues re: Brief, <u>see</u> id.;

7/03/14       Prepare Declaration of Daniel L. Schmutter; Prepare Declaration of Al Osterweil; Examine issues re: fee application; Prepare notice and motion; Prepare revisions to Brief; Confer with Court re: procedures; Examine issues re: fee motion procedures; Confer with Rob McNally and Zac Hudson re: fee application, <u>see</u> id. at pp. 47-48.

Plaintiff should not be compensated for any of the work documented in these entries because it is impossible to decipher how much time was actually spent on each task contained in the entries. The difficulty that such "lumping" of tasks into single time entries causes is illustrated by attempting to examine the amount of time spent on categories of tasks, as outlined below. Such an examination is impossible when time entries like those listed above are used. As a result, when discussing the categories of tasks below, defendant uses the full amount of time listed for the group of tasks that includes the task being evaluated since it is not the defendant's job to figure out how much of the lump time was spent on each task.

Further, many of the time entries relied upon by the plaintiff fail to provide the detail necessary to evaluate their reasonableness. This is most clearly illustrated by all of attorney Schmutter's redacted time entries, which include only a verb and fail to state – at all – what the substance of the tasks included. Similarly, some entries attached to the declaration of attorney Clement also fail to include sufficient detail. Time entries that begin with such phrases as

15

"conference with," "call to" and "email to" are typically deemed to be too vague to be compensated. <u>Tucker</u>, 704 FSupp2d at 356. Therefore, all entries that fail to include sufficient detail should be excluded from any calculation of fees.

     **2.**     ***Overstaffing***

While seeking compensation to pay attorneys in New Jersey (law firms of Farer Fersko and, subsequently, Greenbaum, Rowe, Smith & David LLP) and Washington D.C. (law firm of Bancroft LLP), plaintiff has submitted absolutely no justification for this overstaffing. On behalf of Farer Fersko and Greenbaum, Rowe, Smith & David LLP, attorney Daniel L. Schmutter seeks fees and expenses in the amount of $54,952.07. <u>See</u> Dkt. No. 48-2 at p. 8. Examination of attorney Schmutter's time entries reveals that all of the work done by attorney Schmutter (1) was duplicative of the work done by the Bancroft attorneys, (2) involved review of documents prepared by Bancroft attorneys, (3) involved consultation with Bancroft attorneys and (4) constituted minor and/or administrative tasks that could have been done by paralegals or administrative staff. <u>See</u> Schmutter decl. at Exh. A. It is "proper to reduce a fee request when two or more attorneys have duplicated each other's work, since some of the work was unnecessary and the time claimed was unreasonable." <u>Williams v. New York City Housing Auth.</u>, 975 FSupp 317 326-27 (SDNY 1992). Since plaintiff has failed to justify the need for attorney Schmutter's work on this case, and the time entries submitted by attorney Schmutter fail to show the need for the participation of another attorney, plaintiff's motion should be denied to the extent that it seeks compensation for any work done by attorney Schmutter.

The overstaffing of the case is also demonstrated by the countless time entries for consultation and communication among the various lawyers. This was not a complex case. The parties agreed on the facts, and the issues argued were pursuant, initially, to the Second Amendment and, ultimately, New York State statutory construction. No matter how "important" the plaintiff deems the issues involved, the legal issues, themselves, were not complex. "[U]sing multiple attorneys in a simple case, which this certainly was, poses the serious potential – fully realized in this instance – for duplication and overstaffing." Tucker, 704 FSupp2d at 355. "A reasonably experienced attorney handling [plaintiff's] lawsuit should have required little, if any, consultation with other counsel…." Id. Like in Tucker, the time records submitted here "reflect a vast number of communications with others, mainly other attorneys, with no or little explanation of the subject of the communications, much less their necessity." Id. There "was no compelling need for a reasonably experienced attorney to engage in extended consultations with multiple attorneys . . ." Id. at 355-56. Accordingly, plaintiff should not be compensated for the significant time spent by attorneys communicating with each other.

### 3.   *Drafting and Editing of Briefs and Legal Memorandum*

Most of the time for which payment is sought on behalf of the Bancroft firm relates to the drafting, almost entirely by associate attorney Hudson, of appellate briefs to the Second Circuit and New York State Court of Appeals, and legal memoranda to the Second Circuit in connection with the defendant's motions for certification and a stay. The amount of time spent drafting, reviewing and editing is excessive, particularly in light of counsel's experience relied upon to justify the use of the excessive rates discussed above.

17

### a. Appellant's Brief to the Second Circuit (12/12/11 to 1/26/12)

Plaintiff's brief to the Second Circuit was forty-five pages long, and advanced only constitutional issues pursuant to the Second Amendment and Equal Protection Clause.  <u>See</u> Kerwin aff. at Exh. B.  Specifically, plaintiff argued to the Second Circuit that the denial of plaintiff's gun license based on an interpretation of New York State Penal Law section 400.00(7) that licenses may not be granted to individuals whose domicile is not located in New York State violated plaintiff's rights under the Second and Fourteenth Amendments.  <u>See</u> id.

Approximately 46.77 hours is billed for drafting and editing plaintiff's appellate brief to the Second Circuit by the main drafter, attorney Hudson.  <u>See</u> Clement decl. at Exh. A, entries for 1/18/12, 1/19/12, 1/20/12, 1/23/12, 1/25/12, 1/26/12.  Additionally, 21.2  hours is billed for drafting and editing of the brief by attorneys Clement and Schmutter.  <u>See</u> Celement decl. at Exh. A, entries for 1/22/12, 1/23/12, 1/24/12; Schmutter decl. at Exh. A, entries for 1/13/12, 1/16/13, 1/17/13, 1/18/13, 1/19/13, 1/23/13.  Accordingly, plaintiff seeks to be compensated for 67.97 hours of attorney time for preparing and editing the substance of his initial appellate brief. Under no circumstances can so many hours be required to prepare an appellate brief by experienced appellate attorneys.

### b. Oppositon to Defendant's Motions (4/18/12 to 4/30/12)

Plaintiff opposed both defendant's motion for a stay/to extend time and motion to certify a question. In fact, plaintiff opposed the certification of the question so that his claims could be adjudicated on constitutional grounds, and not State statutory ones. Approximately thirty-two hours is billed for the drafting and editing of plaintiff's papers in opposition to respondent's motions. See Clement decl. at Exh. A, entries for 4/23/12, 4/25/12, 4/26/12, 4/30/12; Schmutter decl. at Exh. A, entries for 4/23/12, 4/24/12, 4/30/12.

### c. Reply Brief to the Second Circuit (6/26/12 to 7/10/12)

In his responding brief, Judge Bartlett spent five pages arguing that the certified question be answered in the affirmative, and thirty pages addressing the Second and Fourteenth Amendment issues raised in plaintiff's brief. In a twenty-one page reply brief, the plaintiff also spent five pages arguing that the certified question should be argued in the affirmative, and twelve pages again making the same constitutional arguments made in his appellate brief. Approximately 33 hours is billed for the drafting and editing of plaintiff's Reply Brief. See Clement decl. at Exh. A, entries for 7/6/12, 7/7/12, 7/10/12; Schmutter decl. at Exh. A, entries for 7/8/12, 7/10/12. This is excessive in that plaintiff advanced few, if any, new arguments in its reply brief. The only question certified by the Second Circuit to be decided by the New York State Court of Appeals was

> Is an applicant who owns a part-time residence in New York but makes his permanent domicile elsewhere eligible for a New York handgun license in the city or county where his part-time residence is located?

See id. at No. 103.  See also Kerwin aff. at Exh. E.  No constitutional issue was before the New York State Court of Appeals.  Notwithstanding, plaintiff spent thirteen pages making constitutional arguments – mostly verbatim from his Second Circuit brief.  Approximately 41.3 hours is billed for drafting and editing plaintiff's brief to the New York State Court of Appeals. See Clement decl. at Exh. A, entries for 4/11/13, 4/12/13/, 4/13/13, 4/14/13, 4/17/13, 4/18/13, 4/21/13, 4/22/13, 5/6/13, 5/7/13; Schmutter decl. at Exh. A, entries for 4/19/13, 4/22/13.  This is excessive since the plaintiff regurgitated portions of his Second Circuit brief, and spent unnecessary time writing on an issue not even before the court.  Further, the issue before the court was one of statutory construction, which is not a complex issue.

**d. Reply Brief to the New York State Court of Appeals (6/5/13 to 6/24/13)**

Plaintiff's reply brief was twenty pages and again focused mostly on the Second Amendment issue not before the court.  See Kerwin aff. at Exh. H.  Approximately 27.25 hours were billed for drafting and editing plaintiff's reply brief.  See Clement decl. at Exh. A, entries for 6/17/13, 6/18/13, 6/19/13, 6/22/13, 6/24/13; Schmutter decl. at Exh. A, entry for 6/24/13. This is excessive because plaintiff made few, if any, new arguments and continued to advance constitutional arguments not before the court.

Based on this analysis, the plaintiff seeks to be compensated for over 200 hours spent by attorneys drafting, reviewing and editing.  Such an amount of hours is highly excessive. Therefore, the legal fees sought by the plaintiff to pay for drafting, reviewing and editing should be drastically reduced.

### 4.      *Researching and Brief Preparation*

Plaintiff also seeks a significant amount of fees in connection with (1) legal research conducted by attorneys and paralegals, (2) review of both plaintiff's own prior arguments and the arguments contained in respondent's submissions to both appellate courts and (3) court rules. The amount of time researching and preparing is particularly troubling given the fact that attorneys – charging outrageously high fees as discussed above -- not admitted to practice in New York had to learn New York law on this plaintiff's dime when an attorney admitted to practice in New York was also retained in this case.  Approximately 190.05 hours were billed for researching and preparing to draft the briefs and legal memoranda discussed above.  See Clement decl. at Exh. A, entries for 12/12/11, 12/13/11, 1/4/12, 1/16/12, 1/17/12, 1/19/12, 1/2/12, 4/19/12, 4/21/12, 4/23/12, 4/24/12, 4/25/12, 7/1/12, 7/3/12, 7/5/12, 7/6/12, 7/7/12, 7/10/12, 1/30/13, 2/12/13, 4/4/13, 4/11/13, 4/12/13, 4/13/13, 4/16/13, 6/10/13, 6/11/13, 6/12/13, 6/17/13, 6/18/13; Schmutter decl. at Exh. A, entries for 1/13/12, 1/16/12, 1/25/12, 1/31/12, 2/1/12, 2/3/12, 2/8/12, 2/27/12, 2/29/12, 4/13/12, 4/16/12, 4/18/12, 4/24/12, 6/26/12, 6/27/12, 4/19/13, 4/19/13, 6/7/13, 6/24/12. It is inconceivable that the highly experienced attorneys on this appeal needed to spend as much time researching as they did drafting and editing.  As a result, the legal fees sought by plaintiff for work done researching and preparing to draft the briefs and legal memoranda should be drastically reduced.

### 5.    *Preparation for Oral Argument*

Plaintiff also seeks compensation for the time spent on preparing to argue before the Second Circuit and the New York State Court of Appeals.  Specifically, plaintiff seeks to be compensated for 64.2 hours spent by attorneys preparing for and participating in oral argument before the Second Circuit, <u>see</u> Clement decl. at Exh. A, entries 9/7/12 to 10/26/12; Schmutter decl. at Exh. A, entry for 8/31/12, and for 75.3 hours spent preparing for and participating in oral argument before the New York State Court of Appeals.  <u>See</u> Clement decl. at Exh. A, entries 8/21/13 to 9/12/13; Schmutter decl. at Exh. A, entries 6/24/13 to 9/12/13.  Spending almost 140 hours preparing for two oral arguments is outrageously excessive, and any compensation for such preparation should be significantly reduced.

### 6.    *Administrative/Paralegal Tasks*

Similarly, plaintiff also seeks compensation for administrative tasks performed by attorneys.  Such tasks include preparing and review of appendixes, preparing and filing of forms to the various courts, and coordinating filing and service. Plaintiff also seeks compensation for time spent by attorneys checking cites and citation form.  Work that may be done by clerical or paralegal staff should not be compensated at attorney rates. <u>Tucker</u>, 704 FSupp2d at 356-57. Therefore, all attorney time for which the plaintiff seeks compensation spent on clerical or paralegal-level tasks should be significantly reduced.  <u>Id</u>. at 257.

##### 7.        *Legal Fee Application*

Reasonable time spent on a legal fee application typically ranges between 8% and 24% of the time spent on the case.  <u>Reiter v. Metropolitan Transportation Authority of the State of New York</u>, 2007 US Dist LEXIS 71008, *63 (SDNY 2007) (attached).  As discussed above, plaintiff is not entitled to be compensated for a significant amount of hours.  Therefore, any award of attorneys' fees allowed for preparation of the legal fee application should be compared against the total amount of hours for which the court permits the plaintiff to recover fees and adjusted to fall within the reasonable range.

##### 8.        *Pro Hac Vice Application and Costs*

Defendant should not have to pay the plaintiff's fees associated with attorney Clement's and Hudson's admission to the New York State Court of Appeals for this case.  While it is within the court's discretion whether to permit attorneys' fees for work done on an attorney's admission application, such fees should not be permitted in this case since plaintiff was represented by attorney Schmutter, who is admitted to practice in New York.  <u>Access 4 All, Inc. v. 135 West Sunrise Realty Corp</u>., 2008 US Dist LEXIS 91674, *31 (EDNY 2008) (attached).  It should also be noted that attorney Schmutter, and not attorneys Clement or Hudson, appeared in the Court of Appeals for oral argument.   In the same vein, the plaintiff is not entitled to be reimbursed for such as admission fees or for certificates of good standing. Therefore, plaintiff's application for costs should be reduced accordingly.

**CONCLUSION**

For the reasons discussed above, plaintiff's motion for attorneys' fees and costs should be denied or, in the alternative, the amount of attorneys' fees and costs requested should be drastically reduced.

Dated: Albany, New York
      April 7, 2014

                        ERIC T. SCHNEIDERMAN
                        Attorney General of the State of New York
                        Attorney for Defendant George R. Bartlett, III
                        The Capitol
                        Albany, New York  12224-0341

                        By: *s/ Adrienne J. Kerwin*
                        Adrienne J. Kerwin
                        Assistant Attorney General, of Counsel
                        Bar Roll No. 105154
                        Telephone:  (518) 474-3340
                        Fax:  (518) 473-1572 (Not for service of papers)
                        Email: Adrienne.Kerwin@ag.ny.gov

TO:    Daniel L. Schmutter, Esq. (via ECF)

24